NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
CHRISTOPHER KEOSSEIAN AND               :
DONNA KEOSSEIAN,                        :
                                        :
                Plaintiffs,             :    Civil Action No. 11-3478 (JAP)
        v.                              :
                                        :
BANK OF AMERICA,                        :    **OPINION**
                                        :
                Defendant.              :
_____    :

PISANO, District Judge.

This matter comes before the Court on Defendant Bank of America's motion to dismiss Plaintiffs Christopher Keosseian and Donna Keosseian's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion. For the reasons that follow, the Court will grant Defendant's motion to dismiss.

**I.     BACKGROUND**[1]

In 2001, Plaintiffs purchased a home in Belmar, New Jersey and obtained a mortgage on the property. They began having difficulty making the scheduled mortgage payments in early 2010 and, after Christopher Keosseian became unemployed later that year, defaulted on their loan. They then contacted Defendant to attempt to work out an arrangement by which they could avoid foreclosure and maintain possession of their home.

In response to their request, Plaintiffs allege that Defendant informed them that they may be entitled to a loan modification under the federal Home Affordable Modification Program

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from Plaintiff's Complaint unless otherwise indicated; they do not represent this Court's factual findings.

("HAMP"). Defendant then provided Plaintiffs with instructions as to how the program worked and what documentation they needed to submit in order to be considered. After receiving the instructions, Plaintiffs began the process of applying to Defendant for a loan modification. They maintain that they submitted all of the required documentation and were in frequent contact with Defendant's representatives, who informed them that their modification would be finalized "any day." Nevertheless, after several months passed, Plaintiffs' modification request was not ultimately granted.

Plaintiffs filed a civil action against Defendant which was removed to this Court on June 15, 2011. In their Complaint, Plaintiffs assert various causes of action relating to Defendant's denial of their loan modification request and alleged failure to comply with HAMP, including claims for breach of contract and breach of the duty of good faith and fair dealing, promissory estoppel and violation of the New Jersey Consumer Fraud Act ("NJCFA").[2] On July 6, 2011, Defendant filed the instant motion to dismiss Plaintiffs' Complaint. Therein, it asserts that dismissal is warranted because there is no private cause of action under HAMP, and further because Plaintiffs fail to identify any contract that they are entitled to enforce, any promise upon which they could have reasonably relied, and failed to properly plead their fraud claim or allege facts sufficient to state such a claim.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked

---

[2] Although Plaintiffs caption Count Three as "Violation of the Consumer Protection Act," the Court construes Plaintiffs' claim as having been brought pursuant to the New Jersey Consumer Fraud Act. *See* Compl. ¶ 23.

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50).

3

**III.     DISCUSSION**

HAMP was authorized pursuant to the Emergency Economic Stabilization Act of 2008, 12 U.S.C. § 5201 et seq., which has the stated purpose of "restor[ing] liquidity and stability to the financial system of the United States" and "preserv[ing] homeownership."  12 U.S.C. § 5201.  HAMP is designed to assist at-risk homeowners by promoting loan modifications and reducing monthly mortgage payments.

In their Complaint, Plaintiffs assert a variety of allegations relating to Defendant's obligations under HAMP.  Specifically, they allege that, as part of HAMP, Defendant entered into a Service Participation Agreement ("SPA") with the federal government, and that Defendant has repeatedly breached that agreement by, *inter alia*, failing to provide eligible borrowers with loan modifications, delaying the loan modification process, and otherwise failing to perform written and implied promises relating to their obligations under the Program.  They contend that this conduct, particularly in connection with the loan modification request that they submitted, provides them with a cause of action against Defendant.

However, as Defendant correctly argues in support of its motion to dismiss, there is no private cause of action for borrowers under HAMP.  Indeed, there is nothing express or implied in HAMP or its enabling legislation that creates a private right of action, and courts in this District and across the country have universally rejected claims such as Plaintiffs' on that basis.  *See, e.g., Stolba v. Wells Fargo & Co.*, 2011 WL 3444078, at *3 (D.N.J. Aug. 8, 2011)("HAMP does not create a private right of action for borrowers."); *Wallace v. Bank of America*, 2011 WL 3859745, at *2 n.3 (D.N.J. Aug. 30, 2011)("HAMP does not include a private right of action"); *Nelson v. Bank of America*, *N.A.*, 2011 WL 5138591, at *1 (11th Cir. Oct. 31, 2011)("nothing express or implied in HAMP gives borrowers a private right of action"); *Bourdelais v. J.P.*

4

*Morgan Chase Bank, N.A.*, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011) (noting that courts across the country have "universally rejected" claims by homeowners that they were entitled to modifications under HAMP because "HAMP does not create a private right of action for borrowers against lenders and servicers"); *Wigod v. Wells Fargo Bank, N.A.*, 2011 WL 250501, at *4 (N.D. Ill. Jan. 25, 2011)("The vast majority of courts that have considered the issue have agreed that HAMP provides no private right of action."); *Simon v. Bank of America, N.A.*, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010)("district courts have consistently held that the Home Affordable Modification Program does not provide borrowers with a private cause of action against lenders for failing to consider their application for loan modification, or even to modify an eligible loan."). Accordingly, although the Court understands Plaintiffs' frustration and is mindful of the plight of many homeowners in these difficult economic times, it must dismiss their Complaint.[3]

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted. An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: February 9, 2012

---

[3] The Court notes that, although the Complaint purports to state separate causes of action for breach of contract, promissory estoppel, and violation of the NJCFA, all of Plaintiffs' claims are premised on Defendant's denial of their loan modification request and alleged failure to comply with its obligations under HAMP and the SPA. Thus, because Plaintiffs' asserted causes of action are not sufficiently independent of HAMP, their Complaint must be dismissed in its entirety. *See, e.g., Wigod*, 2011 WL 250501, at *4 -5 (refusing to distinguish separately pleaded claims because they relied primarily on HAMP, for which there is no private cause of action); *Vida v. OneWest Bank, F.S.B.*, 2010 WL 5148473, at *5 (D. Or. Dec. 13, 2010)("the facts and allegations as pleaded in this case are premised chiefly on the terms and procedures set forth via HAMP and are not sufficiently independent to state a separate state law cause of action for breach of contract").